SHIRLEY L. HELBER, Petitioner-Appellant, v. GEORGE A. HELBER, Respondent-Appellee.

Fifth District   No. 5—87—0547

Opinion filed March 8, 1989.—Rehearing denied April 12, 1989.

Burton C. Bernard and David L. Antognoli, both of Bernard & Davidson, of Granite City, for appellant.

Robert J. Sprague, of Sprague & Sprague, of Belleville, for appellee.

PRESIDING JUSTICE WELCH delivered the opinion of the court:

Appellant, Shirley L. Helber, appeals from a judgment of the circuit court of St. Clair County, entered February 5, 1987, dissolving her nearly 30-year marriage to appellee, George A. Helber, valuing and distributing marital and nonmarital property, denying her an award of maintenance and ordering each party to pay his or her own attorney fees and costs. Appellant raises four issues on appeal: (1) whether the trial court erred in its valuation of appellee's pension

rights; (2) whether the trial court erred in distribution of the marital estate; (3) whether the trial court erred in denying appellant an award of maintenance; (4) whether the trial court erred in not ordering appellee to pay appellant's attorney fees and costs incurred in the dissolution proceeding. We will discuss the facts only as they are necessary for our decision herein.

Appellant's first argument on appeal is that the trial court erred in valuing appellee's pension rights. Appellee testified that at the time of trial, he was 55 years of age. He had been employed as a credit union examiner for the State of Illinois for approximately 29 years. One of his employee benefits is a defined benefit pension plan. Appellee was planning to retire at the age of 60 years.

■■ The trial court valued appellee's pension rights using the immediate offset approach. Under this approach, the trial court, using actuarial evidence, determines the present value of the pension rights, and then determines what portion of that value represents marital property. To determine what portion of the pension rights represents marital property, the present value of the pension rights is multiplied by a fraction whose numerator is the number of years or months of marriage during which benefits were accumulated, and whose denominator is the total number of years or months during which benefits accumulated. (*In re Marriage of Hunt* (1979), 78 Ill. App. 3d 653, 663, 397 N.E.2d 511, 519.) The trial court may then award the pension rights to the employee spouse and give the nonemployee spouse other marital property to offset her marital share in the pension rights. *Hunt*, 78 Ill. App. 3d at 663, 397 N.E.2d at 519.

At trial, each party presented his own expert witnesses who testified to their opinions as to the present value of appellee's pension rights. Appellant's expert, Jack Chor, has been in the business of administering retirement plans in Illinois and Missouri for 17 to 18 years. He has a bachelor's and a master's degree in mathematics and has been a member of the American Society of Pension Actuaries for 14 years. Appellee's pension plan is a defined benefit plan, which provides a definite benefit at retirement age. The benefit to be paid appellee under this plan at a retirement age of 60 years is $1,560, assuming appellee continues to work until age 60 and contributions to the plan continue. The present value of these benefits are actuarially calculated using both a mortality table and an interest rate assumption. The expert then calculates a figure representing the present value of a sum necessary to fund a pension with a monthly benefit of $1,560 beginning at age 60 years and continuing the life expectancy of the beneficiary.

Chor used three different interest rate assumptions: 5%, 6% and 7%. However, it was his opinion that 5% was the most realistic assumption, as it represents the historical achievable average used by most major companies in calculating the single sum necessary to fund these benefits. Using the higher figure of 7% would produce a lower present value. The various present values using these interest rates, assuming appellee worked until age 60 years and then retired with a monthly benefit of $1,560 for his life expectancy, were: at 7%, $122,462.30; at 6%, $139,780.7; at 5%, $160,410.50.

On cross-examination, Chor testified that, assuming appellee did not continue working until age 60, but retired the date of the dissolution and only drew a monthly benefit at age 60 of $1,120, the present value would be: at 7%, $87,939.69 and at 5%, $115,190.20.

Appellee's expert, Jack Heller, is a certified public accountant. He took a different approach in his calculations. He calculated the total amount of money appellee could be expected to receive given his life expectancy and a monthly benefit of $1,120 beginning at age 60 years. The figure of $1,120 was based on the assumption that appellee ceased working as of the date of the dissolution. Heller then calculated the present value of that sum. Heller used an interest rate assumption of 8%. He determined this rate by looking at 12 pension plans with investment assumptions of between 5.5% and 9.5%. Many plans had investment assumptions of 7.5% to 8%, and Heller concluded that 8% is "a fairly good assumption rate today." He calculated the present value of appellee's pension rights as $80,982.

On rebuttal, appellant's expert explained the difference between the methods used by the two experts. Heller's method calculated the present value of the benefits to be received. Chor's method calculated the present value of the cost of providing those benefits. In other words, Chor's calculations result in a number representing the sum necessary today to provide a monthly benefit of $1,560 at age 60 years for appellee's life expectancy assuming an interest rate of 5%, 6% or 7%. Heller's calculations result in a number representing the total amount of benefits to be received brought back or discounted to present value assuming an interest rate of 8%.

In its judgment of dissolution, dated February 5, 1987, the trial court found the value of appellee's pension rights to be $81,000, apparently adopting the calculations and value testified to by appellee's expert. Utilizing the immediate offset approach, the trial court awarded appellee's pension rights to appellee and awarded appellant other property to compensate her for her marital share in the pension rights.

Appellant now argues that the trial court erred in accepting appellee's expert's valuation for two reasons. First, the expert assumed that appellee had stopped working at the date of the dissolution when, in fact, appellee had testified that he planned to continue working until the age of 60 years. Thus, the expert assumed a monthly benefit at retirement of $1,120 instead of $1,560, resulting in a lower present value. Secondly, the 8% interest rate assumption made by the expert was unrealistically high, again resulting in a lower present value.

■ We agree with appellant that the trial court erred in accepting the valuation of appellee's expert because that expert relied on an erroneous assumption that appellee had ceased his employment at the time of the dissolution. The evidence clearly indicated that, not only was appellee still employed, but he planned to continue his employment until he reached the age of 60 years. Thus, the trial court's adoption of the value placed on appellee's pension rights by appellee's expert is against the manifest weight of the evidence.

■ The value of appellee's pension rights is the amount of benefits appellee will be expected to receive upon retirement. Although marital assets must be valued as of the date of the judgment of dissolution (*In re Marriage of Courtright* (1987), 155 Ill. App. 3d 55, 59, 507 N.E.2d 891, 894), in the case of pension rights, which may not be actualized until some years in the future, the value as of the date of dissolution is the present value at the time of dissolution of the benefits expected to be received upon retirement. (*In re Marriage of Hunt* (1979), 78 Ill. App. 3d 653, 663, 397 N.E.2d 511, 519.) This is the amount the nonemployee spouse would have shared in if not for the dissolution. Further, where the reserved jurisdiction approach is used to value pension rights, this is the amount actually shared in by the nonemployee spouse, discounted, of course, to reflect the portion of the pension rights which was acquired during the marriage. *Hunt*, 78 Ill. App. 3d at 663, 397 N.E.2d at 519.

■ As in *In re Marriage of Korper* (1985), 131 Ill. App. 3d 753, 475 N.E.2d 1333, the value of appellee's pension rights was derived by an actuary.

"The actuary utilized the assumptions ordinarily and necessarily indulged in by actuaries. The value derived was necessarily the result of projections based upon certain assumptions such as respondent's age, remaining work years, age at retirement, life expectancy, and so forth." (131 Ill. App. 3d at 759, 475 N.E.2d at 1337.)

Where there are facts in evidence with respect to these assumptions,

the expert's opinion must be based upon those facts. (See *Buford v. Chicago Housing Authority* (1985), 131 Ill. App. 3d 235, 245, 476 N.E.2d 427, 435.) If there is no factual basis for an expert's opinion and it is impeached by other evidence, the opinion is entitled to little weight. *Anderson v. General Grinding Wheel Corp.* (1979), 74 Ill. App. 3d 270, 281, 393 N.E.2d 9, 17.

■ In the instant case, the evidence indicates that appellee plans to continue employment until age 60 years. His monthly benefit upon retirement will therefore be $1,560, not $1,120, as found by appellee's expert. Appellee's expert's valuation of appellee's pension rights was not based upon the evidence at trial. The trial court's adoption of that value is against the manifest weight of the evidence. We must therefore remand this cause for further hearing and determination of the value of appellee's pension rights.

■ We make no comment as to the propriety of the expert's assumption of an 8% interest rate. We point out, however, that in cases of conflicting expert testimony, it is the duty of the trier of fact to assess the credibility of the witnesses and to assign the weight to be accorded their testimony. *Anderson*, 74 Ill. App. 3d at 281, 393 N.E.2d at 17.

■ A revaluation of appellee's pension rights will in all likelihood necessitate redistribution of the marital estate and reconsideration of the questions of maintenance and attorney fees and costs, all of which are closely interrelated. We therefore decline comment on these remaining three issues raised by appellant, but order that the trial court on remand consider and determine these issues in accordance with the law and considering any new and additional evidence with which it is presented on remand.

For the foregoing reason the judgment of the circuit court of St. Clair County is reversed and this cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

CHAPMAN and RARICK, JJ., concur.